**STATE of TENNESSEE, ex rel. William M. LEECH, Jr., Attorney General**

**v.**

**HIGHLAND MEMORIAL CEMETERY, INC., Highland Memorial East Cemetery, Inc., Holly Hills Memorial Park, Inc., The Knoxville Memorial Park, Inc.**

**Civ. No. 3–79–430.**

United States District Court,
E. D. Tennessee, N. D.

March 26, 1980.

Perry Allan Craft, Nashville, Tenn., for plaintiff.

Benton H. Jones, Knoxville, Tenn., Dexter A. Christenberry, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

The State of Tennessee, through its Attorney General, William Leech, is suing the defendants, Highland Memorial Cemetery, Inc., Highland Memorial Cemetery East, Inc., Holly Hills Memorial Park, Inc. and the Knoxville Memorial Park, Inc. for violations of the Sherman Antitrust Act, 15 U.S.C. § 1. The defendants are all "perpetual care" cemeteries in Knoxville, Tennessee. Plaintiff seeks injunctive relief, treble damages and attorneys' fees. Plaintiff alleges that defendants and other co-conspirators agreed among themselves not to conduct or to provide for Sunday burials to the detriment of natural citizens of Tennessee.

Plaintiffs contend that delay of funerals and burials because of this unlawful agreement resulted in injuries to many natural citizens of Tennessee in that it forced them to take additional time off from their jobs; imposed extra lodging and eating expenses resulting in increased mental anguish and other inconvenience and expenses. The delay also increased costs for other business enterprises. Plaintiffs say that the agreement affected competition and is presumed to have had adverse effects on interstate commerce. In sum, plaintiffs claim that the agreement constitutes a *per se* violation of Section 1 of the Sherman Act, 15 U.S.C. § 1; and is properly characterized as a price-fixing arrangement on the supply of services in the Knoxville area.

Defendants deny liability. They claim that the complaint fails to state a cause of action upon which relief can be awarded. They contend that their cemeteries and the burial of human beings is a local activity, unrelated to interstate commerce and does not have a substantial effect on interstate commerce; that human beings are not "property" within the meaning of the Sherman and Clayton Acts and that the Court lacks jurisdiction over the subject matter; that the State of Tennessee, through its Attorney General, is not a proper party to the action; that the action is in violation of Article 3, Section 2, clause 1 of the Constitution of the United States, in that it represents a controversy between the State and citizens of the same state; that it is in violation of Article 2, Section 3, of the Constitution of the United States since it permits the State, through its Attorney General, to enforce a federal law by attempting to collect a civil penalty contrary to this Article, which power is reserved to the Executive Branch of the United States.

Defendants also deny that they are guilty of any wrongdoing; they say that the closure of the cemeteries for Sunday burial was bona fide and in good faith; that the digging and closing of graves on Sunday by employees of these defendants is prohibited by the Tennessee Sunday Closing Law, T.C.A. § 39–4001, in that such work is not an act of real necessity or charity excepted from the statute; that the purchase of markers and monuments by relatives and friends and the delivery thereof to the cemetery site to the purchaser is not interstate commerce within the meaning of the antitrust laws; and that no funds are received from any federal agency nor are any other activities relating to the said cemeteries proximately and directly related to interstate commerce.

Defendants deny that the agreement is a price-fixing scheme or a *per se* violation of the Sherman Act. Defendants say that damages are too speculative and remote. Defendants deny there was any restraint of trade. They claim the State, in bringing this action, is discriminating against the defendants in violation of defendants' equal protection rights.

The issues for decision are:

(1) Did the defendants violate Section 1 of the Sherman Act; if so, did the citizens of Tennessee suffer damages as a direct and proximate result thereof?

(2) If plaintiffs are entitled to recover, what is the amount due each?

(3) Is plaintiff entitled to injunctive relief?

Although many briefs have been filed in the case by the respective parties and a number of witnesses testified during the hearing, there does not seem to be much, if any, dispute about the facts in the case. The facts are that the defendants entered into an agreement in July, 1979, not to conduct burials on Sunday and this agreement was reduced to writing and published in the Knoxville newspapers pursuant to the agreement. The paramount and controlling question in the case is whether defendants violated the antitrust laws in entering into this agreement and in abiding by it.

Defendants say that they entered into the agreement in good faith and that the purpose of the agreement was to satisfy their employees who did not want to work seven days a week. Defendants say further that the agreement did not affect prices in

any way and, therefore; did not violate Section 1 of the Antitrust Act. Plaintiffs' reply to this contention is that the agreement affected competition and also affected prices in that it cost more for the employees to work seven days rather than six days during the week. There is no question that the defendants in this case are business competitors. It is difficult to believe that concerns about competition did not play a key role in the agreement. The agreement, in purpose and effect, was an anticompetitive restraint of trade.

Defendants further contend that this agreement related to local activities and had an insubstantial effect on interstate commerce. There was evidence that at least two of the owners of cemeteries participating in the agreement are nonresidents of Tennessee. This alone, as the Court understands the law, brings the defendants' activities within interstate commerce. Even aside from that, the plaintiff has amply demonstrated that defendants' business activities have a not insubstantial effect on interstate commerce. *See McLain v. Real Estate Board of New Orleans*, 444 U.S. 232, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980).

■ Another point made by the defendants is that working on Sunday violated the Tennessee statutory laws. Since the Tennessee Sunday closing law never deterred defendants from working on Sunday prior to this agreement, and since many other people related or unrelated to the funeral industry work on Sunday, this contention is invalid. Moreover, the Tennessee law would not in this context be a justification for violating the federal antitrust laws. *See California Retail Liquor Dealers Assn. v. Midcal Aluminum, Inc.*, —— U.S. ——, 100 S.Ct. 937, 63 L.Ed.2d 233 (1980).

■ Still another argument made by the defendants is that 15 U.S.C. § 15c which allows the State Attorney General to sue its own citizens is unconstitutional. This case presents a case or controversy under federal law. Diversity of citizenship is not required and there is no unconstitutional delegation of executive authority.

■ In the opinion of the Court, and the Court so finds, the activities of the defendants, specifically the agreement among the defendants not to perform burials on Sunday in the Knoxville area violates Section 1 of the Sherman Antitrust Act. Therefore, plaintiff is entitled to injunctive relief. However, in the opinion of the Court, actual damages to the property of natural citizens of Tennessee occasioned by a possible one-day delay in burial, which would be small in any event, would be entirely speculative. Accordingly, recovery of damages is denied. This is not a case, in the opinion of the Court, for attorneys' fees to the plaintiffs and their request in that respect is denied.

For the foregoing reasons, it is OR-DERED that defendants be permanently enjoined from participating in any concerted or agreed action which would prevent the burial of human remains on Sundays. It is further ORDERED that plaintiff's petition for damages and attorneys' fees be, and the same hereby are, denied.

Order accordingly.